UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

TRAVIS CHRISTOPHER CORMIER              :       CIVIL ACTION NO

VERSUS                                               :

CITY OF CROWLEY                          :       MAGISTRATE:
OFFICER ASHLEE MCELROY
CHIEF ALLEN JAMES BROUSSARD

/////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////

### COMPLAINT FOR DAMAGES

/////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////

The complaint of TRAVIS CHRISTOPHER CORMIER, hereinafter, sometime referred to as Petitioner/Plaintiff, a person of full age and majority and domiciled in the Parish of Acadia, State of Louisiana, with respect represents:

### PRELIMINARY STATEMENT

This lawsuit arises out of an unprovoked and malicious beating perpetrated by an Officer of the Crowley Police Department.  Rather than abide by their obligations and responsibilities to safeguard Cormier, Chef Allen James Broussard attempted to conceal McElroy's actions pursuant to an official policy of the Crowley Police Department to cover up this incident and other incidents of serious misconduct and abuse.  Defendant's attempted to cover up their actions by intimidation, obstructing official investigations, consistently destroying evidence and impeding Cormier's access to the court system.

2.        The lawsuit seeks damages for: (1) the use of excessive force in violation of

the Fourteenth Amendment to the United States Constitution; (2)  the denial of access to the

courts in violation of the First and Fourteenth Amendments to the United States Constitution; (3)

the cover-up of the use of excessive force pursuant to an official policy of the Crowley Police

Department and the City of Crowley in violation of the Fourteenth Amendment to the United

States Constitution; (4) conspiring to and conducting the affairs of a legitimate enterprise

through malfeasance, committing the state law tort of intentional battery and intention infliction

of emotional distress.

## **JURISDICTION**

### 1.

 Jurisdiction is founded on 28 U.S.C. § 1331. The plaintiff further invokes jurisdiction of

this Honorable Court, under 28 U.S.C. § 1367 to adjudicate claims arising under the Laws of the

State of Louisiana including but not limited to Article 2315, et. seq., of the Louisiana Civil Code.

## **VENUE**

### 2.

Venue lies in this Court under 28 U.S.C. § 1391 (b) (2), as the events giving rise to this

claim occurred within this judicial district.

## **DEFENDANTS**

### 3.

Made Defendants herein are:

A.   OFFICER ASHLEE MCELROY, "sometimes hereinafter referred to as MCELROY," a person of full age of majority who was at all times material here to employed as a law enforcement officer by CITY OF CROWLEY, and acting in the course and scope of her employment. Officer is sued individually and in his capacity as a police officer employed by CITY.

B.   CHIEF ALLEN JAMES BROUSSARD, "sometimes hereinafter referred to as Broussard a person of the full age of majority who was at all times material here to CHIEF of POLICE, Crowley Police Department, CITY OF CROWLEY, State of Louisiana, and was the employer, supervisor and commanding officer of OFFICER McELROY. CHIEF ALLEN JAMES BROUSSARD is sued in both his individual and official capacities. "Hereinafter referred to as CHIEF."

F.   CITY OF CROWLEY, a political subdivision, Municipal Corporation and/or political entity with the capacity to sue and be sued. CITY OF CROWLEY was the employer of CHIEF ALLEN JAMES BROUSSARD and OFFICER McELROY. "Sometimes hereinafter referred to as CITY."

## STATEMENT OF FACTS

## INCIDENT

4.

On or about April 5, 2020, TRAVIS CHRISTOPHER CORMIER, was residing at 1213 Egan Highway, Egan Louisiana 70531.  Hereinafter "CORMIER".

3

5.

During the evening of April 5, 2020 CORMIER was arrested on outstanding warrants and was placed under arrest and brought to the Crowley Police station for booking and processing.

6.

It was alleged that CORMIER was at all time cooperative to the detaining officers and did not pose an active threat to any person or officer in the police station.

7.

On information and belief at all times, CORMIER was restrained in hand cuffs and was physically unable to present a viable threat to McElroy or any other officer present at the scene.

8.

Petitioner avers that at no time did MCELROY or any other officer advise CORMIER that his behavior was causing a disturbance.

9.

Suddenly and without provocation, MCELROY physically attacked, slammed, hit, struck CORMIER knocking him unconscious. The attack was so violent as to cause a seizure.

10.

Thereafter, in an attempted to cover up the unprovoked attack it is alleged that CHIEF ALEN JAMES BROUSSARD did conspire to protect McElroy by destroying, hiding, altering evidence of the attack.

11.

CHIEF ALEN JAMES BROUSSARD was indicted by a Grand Jury empaneled to investigate the incident in the matter entitled State of Louisiana vs. Allen James Broussard, Docket No. 93208, as follows:

COUNT 1: in that Allen James Broussard, did willfully and intentionally perform duties lawfully required of him in an unlawful manner, in violation of L.R.S. 14:134. (Malfeasance in Office-Felony)

COUNT 2: in that Allen James Broussard, did willfully and intentionally perform duties lawfully required of him in an unlawful manner, in violation of L.R.S. 14: 134. (Malfeasance in Office-Felony)

COUNT 3: in that Allen James Broussard, did willfully and intentionally perform duties lawfully required of him in an unlawful manner, in violation of L.R.S. 14:134. (Malfeasance in Office-Felony)

COUNT 4: in that Allen James Broussard, did willfully, unlawfully, and intentionally tamper with evidence with the specific intent of distorting the results of a criminal investigation or proceeding which may reasonably prove relevant to a criminal investigation or proceeding with the knowledge that such act has, reasonably may, or will affect an actual or potential present, past, or future criminal proceeding, in violation of L.R.S. 14:130. I.A(I) (Obstruction of Justice Felony)

COUNT 5: in that Allen James Broussard, did willfully, unlawfully, and intentionally tamper with evidence with the specific intent of distorting the results of a criminal investigation or proceeding which may reasonably prove relevant to a criminal investigation or proceeding with the knowledge that such act has, reasonably may, or will affect an actual or potential present, past, or future criminal proceeding, in violation of L.R.S. 14:130. I .A(I) (Obstruction of Justice Felony)

COUNT 6: in that Allen James Broussard, did willfully, unlawfully, and intentionally ATTEMPT to injure public records by the intentional removal, mutilation, destruction, alteration, falsification, or concealment of any record, document, or other thing, filed or deposited by authority of law, in any public office or with any public officer, in violation of L.R.S. 14:27(132). (Attempted First Degree Injuring Public Records-Felony) contrary to the form of the Statute of the State of Louisiana, in such cases made and provided, and against the peace and dignity of the same.

DEFENDANT'S MAKE AN EFFORT TO COVER UP THE INCIDENT AND TO BLOCK AND
TRUTHFUL INVESTIGATION OF THE INCIDENT THIS IS AN OFFICIAL POLICY OF THE CROWLEY
POLICE DEPARTMENT

12.

The acts described above are part of an institutional practice or custom, constituting an official

policy of the Crowley Police Department of covering up of instances of serious misconduct, especially

the use of excessive force, by officers, and of sanctioning repeated interference by chief and officers into

detainee's ability to pursue their legal claims.

13.

On information and belief, Defendants Broussard and City of Crowley had prior

notice of the propensity of its employees to cover-up excessive force by officers but took inadequate

steps to train and supervise these employees, correct their abuse of authority, or implement meaningful

procedures to discourage their unlawful abuse of power.  The failure to properly supervise and/or train

the employees included the failure to properly instruct them in applicable provisions of Louisiana State

Law and proper investigative procedures.

14.

On information and belief, Defendants tolerated, as

institutional policy, practice, or custom, or authorized and ratified the systematic pattern by their

employees of covering up the excessive use of physical force and destruction of evidence, with the

intention of and/or having the effect of depriving Cormier and other detainees of their rights and

privileges afforded them by the United States Constitution.

15.

The effect of this policy was to encourage city employees, including Defendants Broussard and

McElroy, to use excessive force against detainees at the Jail and to destroy evidence of the impropriety.

In so doing, the policy contributed to the physical attack on Cormier and his resulting injury, as well

interfering with his access to the courts.

16.

The practice or custom includes the following tactics by the Crowley Police Department,

which are used so frequently that they amount to an official policy of the City of Crowley:

a. Responding to Cormier's and other detainees' complaints of misconduct, including excessive use of force, with inadequate investigations and grievance responses calculated to mislead the public and which show a deliberately indifferent attitude towards official misconduct;

b. Providing no protection for internal investigators to conduct proper investigations of allegations of excessive force, but instead permitting harassment and intimidation of the investigators;

c. Allowing officers being investigated for serious charges of excessive force to continue working;

d. Failing to remove officers from assignments in which they come in contact with detainees while they are being investigated for serious charges such as the use of excessive force;

e. Delaying investigations for months and even years, during which time the officers being investigated may receive promotions and may continue to work in situations where they are exposed to detainees, while the statute of limitations on criminal charges against the officers continues to run or expires;

f. Providing no protection or incentives for employees who are witnesses to excessive force to cooperate with investigations by telling the truth about what they saw or to report instances of excessive force they learn about, and instead providing incentives for covering up excessive force;

g. Creating an atmosphere where officers are discouraged from treating inmates' injuries from excessive force promptly and adequately, from documenting the injuries appropriately, and from cooperating with investigations by telling the truth about

the injuries, and instead providing incentives for personnel to cover up excessive force;

h.      Failing to support investigators who conduct competent, thorough investigations and instead undermining their authority by refusing to sustain recommended charges or downgrading them; and

i.      Failing to provide serious punishment when charges of excessive force are sustained but instead providing trivial punishment that is not designed to act as a deterrent to the use of excessive force and in fact does not deter it.

## CAUSE OF ACTION-CIVIL RIGHTS VIOLATIONS

## OFFICER MCELROY

17.

The allegations of paragraphs 1 through 16 are incorporated herein by reference.

18.

As described above, the actions of Defendant McElroy in using excessive force and by assisting in covering up the use of excessive force pursuant to an official policy of the Crowley Police Department and City of Crowley were performed under color of state law, and violated Cormier's rights guaranteed under the Fourteenth Amendment to the United States Constitution.

19.

The actions in covering up of acts of excessive force against Cormier were the direct and proximate cause of serious and ongoing physical and psychological injuries to Cormier.

20.

The conduct of McElroy was willful and exhibited a flagrant disregard for Cormier's federally secured due process rights.  Accordingly, McElroy is liable to Cormier under 42 U.S.C. ' 1983.

21.

8

MCELROY violated the Fourth and Fourteenth Amendments to the Constitution of the United States and CORMIER'S right to be free from *unreasonable searches and seizures* and utilizing un-necessary and excessive force.

21.

The elements necessary to support an excessive force claim is that the petitioner suffered significant injury and that the injury resulted from use of force that was excessive to the need and excessive to that which was objectively reasonable under the circumstances.

22.

MCELROY failed to adequately protect the interests of TRAVIS CHRISTOPHER CORMIER causing both physical and mental injuries.

23.

MCELROY failed to use adequate restraint in that he failed to provide adequate warnings to TRAVIS CHRISTOPHER CORMIER as he was not acting in an erratic manner, nor was it articulated that he was acting in a violent or threatening manner where MCELROY may have feared for her safety.

24.

MCELROY committed an intentional tort in attacking CORMIER.

25.

MCELROY committed a second-degree battery in attacking CORMIER where the physical attack prompted a loss consciousness.

26.

On information and belief MCELROY has a history of excessive force when the circumstances do not warrant and this history was known by the Chief of Police.

## CAUSE OF ACTION-CIVIL RIGHTS VIOLATIONS
## AGAINST THE POLICE CHIEF

27.

The allegations of paragraphs 1 through 26 are incorporated herein by reference.

28.

As described above, Defendant Broussard and McElroy exhibited a completely indifferent attitude towards Cormier's ability to legitimately address complaints and grievances.

29.

Defendant Broussard's actions were performed under color of state law, and violated CORMIER's due process rights under the Fourteenth Amendment to the United States Constitution, as well as his rights under the First Amendment to the United States Constitution. As a direct and proximate result of Defendant Broussard's actions, Cormier was deterred in his attempt pursue his legal rights, and has suffered damages as a result.

30.

The conduct of Broussard was willful and exhibited a flagrant disregard for CORMIER's federally secured rights.  Accordingly, this defendant is liable to Cormier under 42 U.S.C. ' 1983.

32.

Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." "A supervisory official may be held liable ... only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury."

33.

To establish supervisor liability for constitutional violations committed by subordinate employees, the plaintiffs must show that the supervisor acted or failed to act with deliberate indifference to the violation of others' constitutional rights committed by their subordinates. Deliberate indifference requires "proof that a municipal actor disregarded a known or obvious consequence of his action."

34.

It is alleged that CHIEF has not sustained a complaint for excessive force and has never disciplined an officer for the use of excessive force. Further, in destroying evidence of the excessive force he as a "policy maker" is liable for the transgressions.

35.

CHIEF made deliberate and conscious choices to endanger constitutional rights of the citizens of the community by allowing McElroy to remain on the force, by failure to implement policies to protect its citizens and for willful failure to perform his duties in a lawful manner.

36.

CHIEF may incur personal liability for failure to screen for hiring, train or supervise when he had direct knowledge of a particular officer's known propensity for the improper use of force, and where he knew of that propensity and intentionally manipulated evidence of the abuse of force.

37.

On information and belief CHIEF had personal knowledge of the aggressive behavior of MCELROY.

## OFFICIAL CAPACITY /MUNICIPAL LIABILITY UNDER MONNEL

38.

The allegations of paragraphs 1 through 37 are incorporated herein by reference.

39.

As described above, the actions of Defendants Broussard, McElroy and City of Crowley in covering up the use of excessive force by Defendants pursuant to an official policy of the Crowley Police Department and the City of Crowley were performed under color of state law, and violated Cormier's rights guaranteed under the Fourteenth Amendment to the United States Constitution.

40.

The actions of Defendants Broussard, McElroy and City of Crowley in covering up of acts of excessive force against Cormier were the direct and proximate cause of serious and ongoing physical and psychological injuries to Cormier.

41.

The conduct of Defendants City of Crowley, Broussard and McElroy was willful

and exhibited a flagrant disregard for Cormier's federally secured due process rights.

Accordingly, these defendants are liable to Cormier under 42 U.S.C. ' 1983.

42.

Section 1983 applies to municipalities like the CITY OF CROWLEY when the execution

of a government policy or custom inflicts the injury that the government as an entity is

responsible.

43.

The City of Crowley adopted a policy with the *deliberate indifference* to its known and

obvious consequences and the municipality was the moving force behind the constitutional

violation.

44.

The City of Crowley is liable under Section 1983 where the municipal policy of hiring,

supervision/discipline and firing was deliberately indifferent to the known and obvious

consequences and where the official policy is the cause of the constitutional injury.

45.

The City of Crowley acquiesced to the policies of the Broussard without properly

supervising the discipline of its officer employees.

46.

The policy of excessive force was accepted by Broussard and which was implicitly encouraged by the City of Crowley. The tacit approval allowed Broussard and McElroy to act unreasonably without fear of repercussion.

47.

Municipal liability attached under section 1983 when there is no oversight and where the fundamental rights of the accused are disregarded.

48.

City of Crowley has liability under Section 1983 for failure to train its officers. In cases of inadequate training "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come in contact," and that deliberate indifference was the moving force of the violation of the plaintiff's federally protected right.

49.

The need for more or different training was so obvious, and the inadequacies so likely to result in the violation of constitutional rights, as to amount to a municipal policy of deliberate indifference to citizens' constitutional rights.

## CAUSES OF ACTION

50.

Cormier has sustained permanent physical and psychological trauma, has suffered great pain and discomfort and continues to experience physical and psychological damage.

51.

As a direct consequence of these actions by Defendants, Petitioner was deprived of his life, liberty, and the pursuit of happiness when he suffered mental and physical injuries which were the result of excessive force and subsequent destruction of evidence.

52.

The constitutional rights of TRAVIS CHRISTOPHER CORMIER that were deprived were clearly established and well known to any reasonable person. The unreasonably excessive actions of MCELROY were unreasonable and intentional.

53.

The above violations and torts were committed as a result of the policies, customs and procedures of City of Crowley   and Broussard, upon information and belief it was the policy, custom and practice of Defendant's, City of Crowley and Broussard, to inadequately screen, train and supervise their employee's, malfeasance in office, covering up or attempting to interfere with a lawful investigation.

54.

Further, upon information and belief, the inadequate training and supervision was known by Defendants, previous to the actions taken by Defendants against TRAVIS CHRISTOPHER CORMIER.

55.

The Defendants subjected TRAVIS CHRISTOPHER CORMIER to these deprivations of his rights, either intentionally or maliciously, or by acting with a reckless disregard for whether TRAVIS CHRISTOPHER CORMIER's rights would be violated by their actions. Further, the individual Defendants had no reasonable basis for believing their conduct was lawful and as such are not entitled to qualified immunity.

56.

The above-described conduct constitutes one or more violations of 42 USC 1983 et. seq.

CAUSE OF ACTION-STATE LAW CLAIMS

57.

The excessive force and injury of TRAVIS CHRISTOPHER CORMIER by members of the POLICE and CHIEF was committed through gross acts and wanton negligence of OFFICERS as follows:

A.      Using excessive force despite the fact that TRAVIS CHRISTOPHER CORMIER was not a threat to anyone;

B.      Failing to control the situation without using excessive force;

C.      Employing improper police procedures when un-necessarily, violently, and aggressively detaining TRAVIS CHRISTOPHER CORMIER.

D.      Employing improper police procedures in their decision to use excessive force;

E.      Employing improper police procedures in the investigation of the use excessive force;

F.      Failing to do what they should have done and see what they should have seen to causing harm to TRAVIS CHRISTOPHER CORMIER;

G.      The intentional torts of aggravated assault, false imprisonment and second battery;

H.      Destruction of records necessary to preserve the investigation;

I.      Malfeasance in office.

58.

CITY OF CROWLEY is liable independently for its negligence in failing to monitor and properly approve of the hiring of officers, investigating excessive abuse claims, properly train and supervise its officers, failure to establish protocol for the internal investigation of police abuses, failing to monitor and discipline officers involved in excessive force claims.

59.

The supplemental jurisdiction of the court is hereby involved pursuant to Section 1367 of Title 28 USC to assert the following causes of action. Petitioner incorporates al the allegations of the previous articles herein. The allegations herein including assault, battery, failure to provide medical attention, negligent and intentional infliction of emotional distress, cruel treatment, and constitutes violations of Petitioner's rights actionable under the laws of the State of Louisiana and were the proximate and legal causes of the injuries sustained by TRAVIS CHRISTOPHER CORMIER and Petitioner, entitling her to damages as are just in the premises.

## PERSONAL INJURIES

60.

Plaintiff repeats and re-alleges the allegations in all the proceeding paragraphs as if set forth fully herein.

61.

The injuries sustained by TRAVIS CHRISTOPHER CORMIER is a result of the sole, combined and/or solidary fault, vicarious liability, strict liability and/or negligence of Defendants and/or joint tortfeasor(s) and/or his/its/their or as principal(s), employer(s), agent(s), representative(s), servant(s), employee(s), associate(s), parent(s), subsidiary(s), lessor(s), lessee(s), insured(s), insured(s) and/or insurer(s) in violation of La. Civil Code Arts. 2315 et. seq. and LA R.S. 9:2800. As a result of the sole, combined and/or solidary fault, vicarious liability, strict liability and/or negligence of Defendants, TRAVIS CHRISTOPHER CORMIER, suffered general, including but not limited to physical pain and suffering, mental anguish and/or distress,

18

fear, embarrassment, humiliation, loss of survivorship, past and future loss of income and/or lost wages, and other damages that will be shown at the trial hereof.

62.

Plaintiff has suffered and/or will suffer general and/or special, including but not limited to, great inconvenience, frustration, humiliation, embarrassment, loss of enjoyment of life and society, loss of love and affection, loss of consortium, mental anguish and/or distress, past and future mental pain and suffering, loss of companionship, grief. Plaintiff also prays for attorney's fees pursuant to 42 U.S.C. § 1988.

63.

Petitioner, TRAVIS CHRISTOPHER CORMIER, respectfully represents that he is entitled to the following damages from Defendants who are liable (in solido or otherwise) as a result of the acts and misconduct alleged previously for:

A.      Compensatory damages against Defendants and each of them, insolido, in the amount to be determined at the trial;

B.      The cost of this action, including attorney's fees; and

C.      Such other and further relief as this court may deem appropriate.

64.

Petitioner, TRAVIS CHRISTOPHER CORMIER, requests trial by jury on all matters so triable.

65.

Petitioner reserves the right to amend petition.

WHEREFORE, Petitioner, TRAVIS CHRISTOPHER CORMIER, prays that the defendants be served in accordance with law, with a certified copy of this petition and duly cited to answer same and that after legal delays and due proceedings are had, that there be Judgment in favor of TRAVIS CHRISTOPHER CORMIER, against the Defendants, CITY OF CROWLEY CHIEF ALLEN JAMES BROUSSARD, OFFICER ASHLEE MCELROY  ,  jointly, several and insolido for all sums that are due as allowed by law, including all court costs and expert fees, including legal interest thereon, until paid and for such other and further legal and equitable relief as the court may deem necessary, proper and reasonable.

AND FOR ALL GENERAL AND EQUITABLE RELIEF.

RESPECTFULLY SUBMITTED:
J. CLAY LEJEUNE
ATTORNEY AT LAW, L.L.C.,

/s/ J. Clay LeJeune
_____
J. CLAY LEJEUNE (NO. 26068)
POST OFFICE BOX 1919
CROWLEY, LA 70526
337-788-1505
337-788-1518 (FAX)
jclaylejeune@cox-internet.com